IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

C. WALTER EBELL,  )
              Plaintiff,  )
                )
vs.  )
                )
ZURICH AMERICAN INSURANCE,  )
COMPANY,  )
              Defendant.  )
_____ )  Case No. 3AN-13-9123 CI

## COMPLAINT

COMES C. Walter Ebell, through counsel, the law firm of Dillon & Findley, P.C., and for his respective causes of action, alleges as follows:

### PARTIES

1. Plaintiff C. Walter Ebell is and has been during all relevant times herein, a resident of Alaska.

2. Defendant Zurich American Insurance Company ("Zurich") is a corporation formed in New York, with its principal place of business in Illinois. Zurich is licensed to offer insurance products in Alaska.

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper under AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Civil Rule 3.

## FACTUAL BACKGROUND

4. On November 20, 2012, C&C Technologies, Inc. ("C&C") filed its Complaint in Alaska Superior Court against various defendants, including Mr. Ebell, Old Harbor Native Corporation ("Old Harbor"), and Kodiak Kenai Cable Company, LLC ("Kodiak Kenai").

5. C&C filed its First Amended Complaint on December 21, 2012 ("C&C Lawsuit"). The 60-page complaint alleged various claims against Mr. Ebell, including violations of Alaska's Unfair Trade Practices Act, "intentional/fraudulent" and negligent misrepresentations, "nondisclosure," promissory estoppel, and "promissory fraud."

6. On January 17, 2013, Bliss, Wilkens & Clayton ("BWC") entered an appearance on behalf of Mr. Ebell.

7. On January 23, 2013, BWC, on behalf of Mr. Ebell, provided Zurich with a copy of the First Amended Complaint, and tendered defense and indemnity to Zurich under Policy Number DOC 5964912-03. BWC requested that Zurich contact BWC "promptly"

and stated that if Zurich did not respond, BWC would "assume Zurich denies any duty to defend or indemnify [Mr. Ebell]."

8. Zurich verbally accepted Mr. Ebell's tender of defense on February 13, 2013, and informed BWC that it intended to defend Mr. Ebell under a reservation of rights. During that same conversation, Zurich requested that BWC provide it with a copy of the original complaint. BWC promptly emailed the complaint to Zurich and also confirmed to Zurich that Mr. Ebell had elected that BWC represent him in the C&C Lawsuit under AS 21.89.200. On that same day, BWC mailed Zurich its first invoice, representing fees and costs that Mr. Ebell incurred in connection with the defense of the C&C Lawsuit.

9. BWC sent its second invoice to Zurich on March 11, 2013, via email. At that time, Zurich had not reimbursed Mr. Ebell for the BWC fees and costs incurred as a result of the C&C Lawsuit and had not contacted Mr. Ebell regarding coverage. BWC again requested a copy of the applicable Zurich insurance policy, language, forms, and endorsements.

10. BWC sent another invoice, for fees and costs incurred by Mr. Ebell in the C&C Lawsuit on May 14, 2013, and again asked to be provided with the Zurich insurance policy and other documents.

11. On May 15, 2013, Zurich informed BWC and Mr. Ebell that Zurich was "assessing coverage" and that Zurich would be "in touch as soon as [the] coverage evaluation [was] concluded."

12. On May 20, 2013, Mr. Ebell independently corresponded with Zurich and inquired about Zurich's failure to pay over $90,000 in BWC fees and costs.

13. On June 5, 2013, BWC emailed Zurich a copy of cross-claims asserted by Old Harbor against Mr. Ebell, and other parties. BWC also provided Zurich with an invoice representing costs and fees incurred by Mr. Ebell through May 31, 2013. At that point, Mr. Ebell had personally remitted $25,939.47 to BWC for costs and fees incurred, but still owed BWC $97,793.78. BWC again requested a copy of the insurance policy and other documents.

14. On June 7, 2013, BWC sent Mr. Ebell a letter. At that point, Zurich had not provided Mr. Ebell with formal acknowledgment of coverage, an agreement to defend under a reservation of rights, and had not paid any fees and costs to BWC on behalf of Mr. Ebell. BWC explained that it was "no longer able to fully and properly defend" Mr. Ebell because of Zurich's "lack of action and response." BWC informed Mr. Ebell

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
TEL. (907) 277-5400 · FAX (907) 277-9896

that it was unable to defend him in the case "in the manner which [it] believe[s] is in [his] best interest."

15. On June 25, 2013, Zurich provided Mr. Ebell with a letter that contained its coverage opinion, and provided a copy of the letter to BWC. In the letter, Zurich formally accepted Mr. Ebell's tender of defense, subject to a complete reservation of rights "due to the potential applicability of several exclusions and the apparent failure to comply with reporting requirements" of the Zurich policy, and determined, in part, that Mr. Ebell was insured under a Zurich Policy No. MPL 5964912-04. Zurich did not provide Mr. Ebell with a copy of the policy.

16. Zurich's coverage opinion also identified Old Harbor, Kodiak Kenai, and Alaska Ocean as parties potentially entitled to coverage under the same policy, all of whom are co-defendants in the C&C Lawsuit.

17. On June 26, 2013, Zurich contacted BWC and requested that BWC provide a case management plan. Zurich also acknowledged that four BWC invoices were "pending review and payment."

18. On June 27, 2013, Zurich informed BWC that "no defense invoices will be paid" until Mr. Ebell and Old Harbor exhausted

C. Walter Ebell v. Zurich American Insurance Company
Case No. 3AN-13_____CI
COMPLAINT
Page 5 of 10

the policy deductible, and stated that "Mr. Ebell [could] coordinate payment of the deductible with [Old Harbor]."

19. BWC emailed Zurich on June 27, 2013, and explained again that it served as Mr. Ebell's independent counsel and that Zurich needed to communicate directly with Mr. Ebell regarding coverage matters.

20. On June 27, 2013, Zurich emailed Mr. Ebell and stated that the policy "is subject to a $35,000 deductible."

21. On July 1, 2013, Mr. Ebell sent a letter to Zurich regarding its coverage opinion, provided Zurich with citations to Alaska law and other information regarding the unreasonableness of Zurich's positions, and demanded that Zurich reimburse Mr. Ebell for BWC's fees and costs. Zurich did not respond.

## COUNT I – BAD FAITH CLAIMS HANDLING

Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein and further alleges as follows:

22. By Zurich's own admission, Mr. Ebell is an insured under the applicable Zurich policy or policies.

23. Under Alaska law, Zurich owes Mr. Ebell a duty of good faith and fair dealing regarding its treatment of Mr. Ebell.

24. Zurich has breached the duties owed to Mr. Ebell under Alaska law and the applicable insurance contract or contracts, including, but not limited to:

a. Zurich repeatedly failed, despite several verbal and written requests from Mr. Ebell, and BWC, on behalf of Mr. Ebell, to provide a copy of the applicable Zurich policy or policies at issue, in violation of AS 21.36.020, AS 21.36.020 and 3 AAC 26.060;

b. Zurich failed to provide prompt and full notice of its intention to reserve its rights under the Zurich policy, thereby preventing Mr. Ebell from understanding Zurich's position and taking the necessary steps to protect himself;

c. Zurich has repeatedly violated 3 AAC 26.040 and 3 AAC 26.050; and

d. Zurich acted in bad faith by valuing its own interests over Mr. Ebell's, by requiring Mr. Ebell to negotiate with Old Harbor, an insured and a defendant in the C&C Lawsuit, regarding the payment of the deductible, and by failing to pay the fees and costs incurred by Mr. Ebell with respect to the services provided by BWC.

C. Walter Ebell v. Zurich American Insurance Company
Case No. 3AN-13_____CI
COMPLAINT
Page 7 of 10

25. By the conduct described above, Zurich has proximately caused harm to Mr. Ebell and has failed to protect Mr. Ebell's interest in the C&C Lawsuit and as required by Alaska law.

26. By the conduct described above, Zurich has intentionally and/or recklessly disregarded Mr. Ebell's interest, and has valued its interests over Mr. Ebell's, and is liable for punitive damages.

## COUNT II - COVERAGE BY ESTOPPEL

Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein and further alleges as follows:

27. By the conduct described above, Zurich failed to promptly and fully inform Mr. Ebell about its opinion regarding coverage under the applicable insurance policy or policies.

28. By failing to provide Mr. Ebell with a copy of the applicable Zurich policy or policies, Zurich has prevented Mr. Ebell from understanding his rights and responsibilities regarding coverage.

29. By the conduct described above, Zurich has prejudiced Mr. Ebell, has adversely affected Mr. Ebell's ability to defend himself in the C&C Lawsuit, and has harmed Mr. Ebell.

30. For all of these reasons and more, Zurich is estopped under Alaska law from raising any coverage or policy defense.

## COUNT III - BREACH OF THE DUTY TO DEFEND

Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein and further alleges as follows:

31. The C&C Lawsuit alleges facts that, if true, entitle Mr. Ebell to indemnity from Zurich under the applicable insurance policy or policies.

32. Mr. Ebell is entitled to a defense of the C&C Lawsuit.

33. By the conduct described above, Zurich has breached its duty to provide a defense.

34. As a result of Zurich's conduct, Mr. Ebell has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ebell prays for relief as follows:

1. Entry of judgment against Zurich for damages in an amount greater than $100,000, to be proven at trial;

2. Entry of judgment against Zurich for punitive damages;

3. Entry of judgment against Zurich for Mr. Ebell's costs, attorney's fees and interest;

4. Entry of judgment against Zurich, finding that Zurich is estopped from asserting any coverage or policy defense; and

5. Entry of judgment against Zurich for any other relief that this Court deems just and proper.

DATED this **29th** day of August 2013, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: _____
Ray R. Brown
ABA No. 8206012

C. Walter Ebell v. Zurich American Insurance Company
Case No. 3AN-13_____CI
COMPLAINT
Page 10 of 10

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

C. WALTER EBELL, )
  )
            Plaintiff, )
  )
vs. )
  )
ZURICH AMERICAN INSURANCE, )
COMPANY, )
  )
            Defendant. )
_____ )  Case No. 3AN-13-9123 CI

## DEMAND FOR JURY TRIAL

Plaintiff, C. Walter Ebell, through counsel, the law firm of Dillon & Findley, P.C., hereby requests and demands a trial by jury on all issues triable of right by jury in the above-referenced matter.

DATED this 29th day of August 2013, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: _____
Ray R. Brown, ABA No. 8206012

Tel: (907) 277-5400 • Fax: (907) 277-9896

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

C. WALTER EBELL,            )
                            )
            Plaintiff,      )
                            )
vs.                         )
                            )
ZURICH AMERICAN INSURANCE,  )
COMPANY,                    )
                            )
            Defendant.      )
_____)  Case No. 3AN-13-9123 CI

## ENTRY OF APPEARANCE

The law firm of Dillon & Findley, P.C. hereby enters its appearance on behalf of plaintiff in the above-captioned case. All future pleadings and documents should be served on the undersigned at 1049 W. 5th Avenue, Suite 200, Anchorage, AK 99501.

DATED this 29th day of August 2013, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: _____
Ray R. Brown, ABA No. 8206012

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

C. Walter Ebell,
_____
                Plaintiff(s),
vs.

Zurich American Insurance CO.,
_____
                Defendant(s).

CASE NO. 3AN- 13-9123      CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Zurich American Insurance CO.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Ray R. Brown, whose address is: Dillon & Findley, P.C. 1049 W. 5th Ave., Suite 200, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Easter
and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

08/30/13
_____
Date

By: _____
    Deputy Clerk

I certify that on 08/30/13 a copy of this Summons was  [ ] mailed  [X] given to
[ ] plaintiff  [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order  [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk  AP

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (6/10)(cs) Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Case 3:13-cv-00200-RRB   Document 1-1   Filed 10/10/13   Page 13 of 16

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

C. WALTER EBELL, )
)
               Plaintiff, )
)
vs. )
)
ZURICH AMERICAN INSURANCE, )
COMPANY, )
)
               Defendant. )
_____) Case No. 3AN-13-9123 CI

## RULE 4(f) PROOF OF SERVICE AFFIDAVIT

STATE OF ALASKA      )
                           ) ss.
THIRD JUDICIAL DISTRICT )

    I, Lisa Kusmider, being first duly sworn, state as follows:

    1.    That I am employed by the law firm of Dillon & Findley, P.C., counsel for Plaintiff.

    2.    I hereby certify that I caused a true and correct copy of the **Summons, Complaint, Entry of Appearance, and Demand for Jury Trial** to be served by U.S. mail, restricted delivery, certified return receipt upon Defendant Zurich American Insurance Company, c/o Bret S. Kolb, Director, Alaska Division of Insurance,

C. Walter Ebell v. Zurich American Insurance Co.
Case No. 3AN-13-9123 CI
RULE 4(f) PROOF OF SERVICE AFFIDAVIT
Page 1 of 2

P.O. Box 110805, Juneau, Alaska, 99811-0805, on September 11 2013. See Exhibit A (U.S. Post Office Domestic Return Receipt).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DATED this 17th day of September 2013.

_Lisa Kusmider_
Lisa Kusmider

SUBSCRIBED AND SWORN TO before me this 17th day of September 2013, at Anchorage, Alaska.

Notary Public in and for Alaska
My Commission Expires: 9/5/2016

C. Walter Ebell v. Zurich American Insurance Co.
Case No. 3AN-13-9123 CI
RULE 4(f) PROOF OF SERVICE AFFIDAVIT

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Bret S. Kolb, Director<br>Alaska Division of Insurance<br>P.O. Box 110805<br>Juneau, AK 99811-0805 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>SEP 11 2013<br>STATE OF ALASKA<br>DEPARTMENT OF ADMINISTRATION<br>CENTRAL MAIL SERVICE<br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☒ Yes |
| 2. Article Number (Transfer from service label) | 7012 3050 0000 7523 2306 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

EXHIBIT A
Page 1 of 1